**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *et al.*** | § | |
| | § | |
| | § | |
| **v.** | § | **NO. 4:26-CV-00803-SDJ-BD** |
| | § | |
| **VENKATESH MADHAV, M.D., *et al.*** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioners Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company filed a petition to confirm an arbitration award. Dkt. 1. Based on the jurisdictional allegations in the petition, the court questions its jurisdiction sua sponte. *See Fort Bend County v. Davis*, 587 U.S. 541, 548 (2019). To avoid dismissal, the petitioners will need to file an amended petition that alleges facts sufficient to establish jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Two statutes authorize the lion's share of federal-court litigation: 28 U.S.C. § 1331, which gives federal courts jurisdiction over cases that arise under federal law, and 28 U.S.C. § 1332, which establishes federal courts' "diversity" jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). The petition references the Federal Arbitration Act, but that Act

> is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise. Section 4 [of the Act] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of

> citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *see Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (confirming that the Federal Arbitration Act "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis"); *accord Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003).

Section 4 of the Act allows federal courts to "'look through' the petition to the 'underlying substantive controversy' between the parties" to see if, for example, that controversy arises under federal law. *Badgerow v. Walters*, 596 U.S. 1, 5 (2022) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)). But the Supreme Court has declined to extend that approach to § 9 of the Act, which governs requests for confirmation of arbitration awards. *Id.*

That is presumably why the petition, filed under § 9 of the Act, seeks to establish subject-matter jurisdiction under § 1332. Dkt. 1 at 2, 8. In addition to requiring an amount in controversy in excess of $75,000, exclusive of interests and costs, 28 U.S.C. § 1332(a), § 1332 requires "complete diversity," *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019), as of the date the suit was filed, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004) (cited favorably in *Royal Canin*, 604 U.S. 22, 38 n.8 (2025)), and, if the case was removed from state court, as of the date of removal as well, *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). In other words, "all persons on one side of the controversy" must have been "citizens of different states than all persons on the other side," *MidCap*, 929 F.3d at 313 (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)), "at the commencement of the action," *Robertson v. Cease*, 97 U.S. 646, 651 (1878) (cited in *MidCap*, 929 F.3d at 314), and at the time of any removal, *Coury*, 85 F.3d at 249.

"Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *Id.* (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). The requisite allegations differ based on the type of party.

A natural person is domiciled, and therefore a citizen, where he or she has his or her true, fixed, and permanent home. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "[A]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *MidCap*, 929 F.3d at 313, 314 (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam), and citing *Robertson*, 97 U.S. at 647, 651, as a cautionary example of a case in which "[t]he Supreme Court held that [record evidence of the plaintiff's residence] was insufficient to prove citizenship, reversed a final judgment, and ordered a new trial"); *see Texas v. Florida*, 306 U.S. 398, 424 (1939) (explaining that citizenship of a natural person requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home").

A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For that reason, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state [or states] of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985); *see Coal City Cob Co. v. Palm Enters., Inc.*, No. 3:18-CV-0123-N, 2018 WL 3475594, at *3 (N.D. Tex. July 18, 2018) (discussing the 2011 amendment to 28 U.S.C. § 1332(c)(1) and the demise of the forum doctrine).

A limited liability company's citizenship is that of each of its members. *Megalomedia Inc. v. Phila. Indem. Ins.*, 115 F.4th 657, 659 (5th Cir. 2024). A party seeking to establish diversity jurisdiction must therefore specifically allege the citizenship of every member of every LLC involved in the litigation. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). To adequately allege the citizenship of an LLC, a party must allege the required jurisdictional facts for each member, and those allegations will differ depending on whether the member is a natural person or an entity. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (per curiam) (explaining that, when an unincorporated entity is comprised of additional entities, the "appropriate tests for citizenship involve tracing entities' citizenships down the various organizational layers where necessary") (cleaned up); *see also Thomason v. Outback Steakhouse of Fla., L.L.C.*, No. 1:17-CV-01541, 2019 WL 3526839, at *1 n.1 (W.D. La. May

14, 2019) (stating that, where a defendant LLC's sole member was itself an LLC, and the member LLC's sole member was a Delaware corporation with its principal place of business in Florida, the defendant LLC's citizenship was both Delaware and Florida).

Under those authorities—which, once again, demand "clear, distinct, and precise affirmative jurisdictional allegations," *Getty Oil*, 841 F.2d at 1259—the petition's jurisdictional allegations, Dkt. 1 at 1–2, are deficient. The facts alleged do not support the conclusion that respondent OM Datta, PLLC, is a citizen of Texas because the petition does not identify the members of the PLLC and their citizenships. *See* Tex. Bus. Orgs. Code § 101.101 (requiring each LLC to have at least one member); *id.* § 304.001 (applying provisions that govern LLCs to PLLCs). Nor do the allegations demonstrate that respondent Dr. Venkatesh Madhav is a Texas citizen; the petitioners allege that he is a physician in Texas and the owner of OM Datta, Dkt. 1 at 1, but they do not allege any facts about Dr. Madhav's domicile.

Those defects may not be fatal. "Defective allegations of jurisdiction may be amended." 28 U.S.C. § 1653. Section 1653 permits amendments to jurisdictional allegations to promote judicial efficiency and effective case management. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009). The provision is broadly construed to avoid dismissals or remands on purely technical grounds. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887–88 (5th Cir. 2000). But amendments under § 1653 may not be used to "retroactively create subject matter jurisdiction." *Id.* at 888.

It is **ORDERED** that, within 14 days of the entry of this order, the petitioners file an amended petition that alleges facts necessary to establish diversity jurisdiction. If no such amendment is possible, the parties should so notify the court, such that the case may be dismissed for lack of subject-matter jurisdiction. The court expects the parties to work together when determining the facts necessary to confirm or deny the existence of diversity jurisdiction.

So **ORDERED** and **SIGNED** this 20th day of October, 2026.



Bill Davis
United States Magistrate Judge